Form 13-8

# COURT-APPROVED RETENTION AGREEMENT
(for cases filed on or after March 15, 2021)

This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy cases in the Northern District of Illinois. The debtor and lawyer must enter into this agreement for the lawyer to receive a flat fee of $ 4,500.00    as compensation in the case. By signing this agreement, the debtor and lawyer agree to do everything this agreement requires.

**DO NOT sign this agreement unless you have read it and understand it.**

This agreement replaces any conflicting agreement between the debtor and the lawyer. If any provision of another agreement conflicts with this agreement, the lawyer will not be awarded a flat fee as compensation in the case.

The lawyer must perform all tasks reasonably necessary for the bankruptcy case. Performance of those tasks is a condition of receiving the flat fee. The lawyer may not charge any other fees for representing the debtor in the case. The sole exception, explained below, is representation of the debtor in certain lawsuits in the bankruptcy case known as adversary proceedings.

1. **Duties of the Debtor and the Lawyer**

    A. **Counseling Before Filing a Bankruptcy Case**

    Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer. The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code. The lawyer must explain the advantages and disadvantages of filing a bankruptcy case.

    If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

    B. **Documents for the Case**

    The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case. The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents. Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed. The lawyer must review each document with the debtor, who must approve and sign the documents.

    C. **Representation of the Debtor throughout the Case**

    The lawyer must represent the debtor at the § 341 meeting of creditors and in all court

hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests.

The lawyer must examine all claims creditors file in the case and must object to claims if appropriate.

The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner.

The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address.

If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion.

The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

**2.    Attorneys' Fees and Expenses**

### A.    Flat Fee for Attorneys' Fees

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property

- representing the debtor in the chapter 7 case, if the case is converted to chapter 7

- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

### B.    Expenses

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses.

The lawyer may charge the debtor for the following expenses:

- Court filing fees

- Fees charged by a credit reporting agency for a credit report

- Copying and postage charges as follows:

    1. A flat fee not to exceed $25 for all copying and postage charges in the case. The copying and postage charges need not be itemized.

    **or**

    2. The actual amount of postage and copying costs (no more than $0.10 per page) incurred in the case. The itemization must state (a) the number of copies and the dates when the copies were made, and (2) the dates and amounts of postage charges incurred.

- Fees charged by the IRS or other taxing authorities to obtain tax returns

- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

The lawyer may not charge the debtor for an outside service that serves documents filed in the bankruptcy case.

### C.   Advance Payment to the Lawyer

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed.

If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer.

The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

### D.   Payment of the Balance during the Case

Attorneys' fees not paid before the case is filed will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed.

The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

### E. Additional Fees in Extraordinary Circumstances

In extraordinary circumstances, the lawyer may apply to the court for additional compensation. The application must be accompanied by an itemization of the services rendered.

## 3. Coverage Counsel

### A. Disclosure of the Practice

If the debtor's lawyer has a practice of using other lawyers not employed at the same firm to perform any of the lawyer's obligations under this agreement, he must disclose that practice to the debtor before the debtor signs the agreement.

### B. Identifying Coverage Counsel

If the debtor's lawyer asks another lawyer not employed at the same firm to represent the debtor at the meeting of creditors or at any court appearance, the debtor's lawyer must notify the debtor in advance and must provide the name of the lawyer who will represent the debtor.

### C. Providing Information to Coverage Counsel

If the debtor has information to give the other lawyer for the meeting of creditors or for a court appearance, the debtor must give that information to the debtor's lawyer. The debtor's lawyer must then promptly forward the information to the lawyer representing the debtor at the meeting or in court.

## 4. Dismissal or Conversion of the Case

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded.

If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

## 5. Termination of this Agreement

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the

agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination.

If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers.

The lawyer may terminate this agreement only with court approval.

6. **Amount of Attorneys' Fees and Expenses**

   A. **Attorneys' Fees:**

   The debtor agrees to pay the lawyer a flat fee of $ 4,500.00 for the lawyer's services in the chapter 13 case.

   B. **Expenses:**

   The estimated expenses for the case are: $ 338.00

   These expenses are for:

   | Filing Fee | $ 313.00 |
   |---|---|
   |  | $ |
   | Postage | $ 25.00 |
   |  | $ |

   C. **Total Fees and Estimated Expenses:**   $ 4,838.00

   Advance payment by debtor:   $ 500.00

   Balance owed by debtor:   $ 4,500.00

_____   _____
Debtor                       Lawyer

                             Date: _____
_____
Debtor

Date: 3-8-2022

-5-